IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  09-cv-00964-WYD-CBS

HOME DESIGN SERVICES, INC.,

    Plaintiff,

v.

TERRY TRUMBLE and
JANELLE TRUMBLE,

    Defendants.

---

**ORDER**

---

THIS MATTER is before me on Plaintiff's Motion for Partial Summary Judgment and Memorandum of Law in Support [ECF No. 64], filed May 12, 2010.  Plaintiff seeks summary judgment (1) that it owns a valid copyright in an architectural work registered as HDS-2802; (2) on the issue of actual damages; and (3) on the Defendants' affirmative defenses.  Defendants filed a response on June 7, 2010 [ECF No. 104] and Plaintiff filed a reply in support of its motion on July 27, 2010 [ECF No. 104].  For the reasons stated below, Plaintiff's Motion for Partial Summary Judgment is granted in part and denied in part.

**I.     INTRODUCTION**

Plaintiff Home Design Services, Inc. filed this action on April 27, 2009 alleging that Defendants Terry and Janelle Trumble violated the Copyright Act by designing and

constructing a home allegedly copied from Home Design's registered architectural plan–known as the "2802" plan. The Trumbles assert that they did not infringe upon Home Design's copyright and that their home was not copied from any source.

## II.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c) summary judgment is warranted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50, 106 S.Ct. 2505, 91 L.Ed .2d 202 (1986); *Ross v. The Board of Regents of the University of New Mexico*, 599 F.3d 1114, 1116 (10th Cir. 2010). A disputed fact is "material" if under the relevant substantive law it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001). Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & County of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

When reviewing a motion for summary judgment, a court must "view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted). In order to rebut a motion for summary judgment, an opposing party must present evidence permitted by

Rule 56 setting forth specific facts that would be admissible at trial. Fed.R.Civ.P. 56(e)(2); *Adams v. Am. Guarantee and Liab. Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir. 2000).

## III. ANALYSIS

### A. Ownership of a Valid Copyright

There are two elements to a copyright infringement claim: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991). The plaintiff bears the burden of proof on both elements. *Palladium Music, Inc. v. EatSleepMusic, Inc.*, 398 F.3d 1193, 1196 (10th Cir. 2005).

Home Design asserts that it is entitled to summary judgment on the first element–that it owns a valid copyright in the 2802 architectural work. "To show ownership of a valid copyright and thus satisfy the first prong under *Feist*, a plaintiff must prove that the work as a whole is original and that the plaintiff complied with applicable statutory formalities." *CMM Cable Rep, Inc. v. Ocean Coast Properties, Inc.*, 97 F.3d 1504, 1513 (1st Cir. 1996); *see also* 4-13 Nimmer on Copyright § 13.01. Although a timely obtained certificate of registration ordinarily constitutes prima facie evidence of the validity of a copyright, here, it is undisputed that Home Design did not acquire its copyright registration until more than five years after publication. As such, Home Design's registration is not entitled to a presumption of validity. 17 U.S.C. § 410(c)("In any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the

validity of the copyright and of the facts stated in the certificate. The evidentiary weight to be accorded the certificate of a registration made thereafter shall be within the discretion of the court.").

Both parties have submitted numerous facts that go to the originality of the work at issue in this case as well as the issue of compliance with statutory formalities. Even if Home Design was entitled to a statutory presumption of validity based on its registration, which it is not, I would be reluctant to grant summary judgment that Home Design has a valid copyright. Construing the evidence in the light most favorable to the Trumbles, there are genuine issues of material fact regarding the originality of the work at issue. Accordingly, Home Design's motion for summary judgment that it owns a valid copyright is denied.

### B. Actual Damages

Home Design next argues for summary judgment on the issue of actual damages. I agree with the Trumbles, however, that it is premature to rule on the issue of damages before Home Design has prevailed on the issue of liability. Even though a successful plaintiff is entitled to actual damages, as well as profits that are attributable to infringement, *see* 17 U.S.C. 504(b), here, Home Design has not demonstrated that it is entitled to summary judgment on the issue of liability. Indeed Home Design has not even moved for summary judgment on the issue of liability. As such, I decline to address the issue of damages at this point in the case.

### C. Defendants' Affirmative Defenses

Home Design has also moved for summary judgment on several of the Trumbles'

affirmative defenses, including their second affirmative defense (failure to mitigate damages), the third affirmative defense (statute of limitations), the seventh affirmative defense (publication and construction prior to December 1, 1990), the ninth affirmative defense (originality), the tenth and sixteenth affirmative defenses (public domain), the twelfth affirmative defense (failure to give proper copyright notice), the thirteenth, twenty-fifth, and twenty-sixth affirmative defenses (innocent infringement), the fourteenth affirmative defense (copyright abuse or misuse); the seventeenth (lack of copyrightable material), the twentieth affirmative defense (first sale doctrine), and the twenty-ninth affirmative defense (invalid copyright registration).

As an initial matter, I disagree with the proposition that summary judgment is appropriate on several of the Trumbles' defenses simply because those defenses are more appropriately styled as denials.  *See Lifeblood Biomedical, Inc., Opt-In Trust v. Mann (In re Sender)*, 423 F. Supp. 2d 1155, 1163 (D. Colo. 2006) ("A defense should not be stricken if there is any real doubt about its validity, and the benefit of any doubt should be given to the pleader.") (internal quotations and citations omitted).  Given that a cautious pleader will often label an argument as an affirmative defense, there is no reason to strike such a denial where the other side is not prejudiced by any redundancy.  *Id.*  As such, I decline to strike, or grant summary judgment, as to any of the Trumbles' affirmative defenses on the ground that the defense is more appropriately a denial of Plaintiff's claim.

Nevertheless, construing the facts in the light most favorable to the Trumbles, I find that summary judgment is appropriate on two of their affirmative defenses.

First, I find there is no question of fact or law that might allow the Trumbles' failure to mitigate damages defense to succeed, and the defense is therefore insufficient as a matter of law.  With respect to their failure to mitigate defense, the Trumbles argue that Home Design's owner personally investigated alleged infringement in the general geographic area of their allegedly infringing home, but that Home Design then failed to "take any preemptive steps to give written notice to any notice builders, designers, drafters, realtors, etc. of the self described 'epidemic' [of copyright infringement] to prevent further infringement."  But the Trumbles offer no authority showing that Home Design was required to take such preemptive steps.  Even if Home Design was aware of possible infringements of its copyrights in the same geographic area as the Trumbles, Home Design had no duty to preemptively warn individuals like the Trumbles not to violate copyright law.  Accordingly, summary judgement is granted in favor of Home Design on Defendants' second affirmative defense of failure to mitigate.

Second, I find that summary judgment is appropriate on the Trumbles' third affirmative defense–the statute of limitations defense.  The statute of limitations for copyright infringement is three years.  17 U.S.C. § 507(b) ("No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued.").  "A cause of action for copyright infringement under section 507(b) of the Copyright Act accrues 'when one has knowledge of a violation or is chargeable with such knowledge.' " *Fisher v. United Feature Syndicate, Inc.*, 37 F.Supp.2d 1213, 1216 (D.Colo.1999) (quoting *Roley v. New World Pictures, Ltd.*, 19 F.3d 479, 481 (9th Cir.1994)); *see also Home Design Services, Inc. v. B & B Custom*

*Homes, LLC*, 509 F.Supp.2d 968, 972 (D.Colo. 2007) ("[W]hen a statute of limitations is silent on the matter a claim accrues when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action.").

Here, Home Design alleges that the Trumbles infringed Home Design's copyright by "designing, and constructing one or more residences which were copied largely or were exact duplicates" of Home Design's copyrighted architectural plans. Pl.'s Compl. ¶ 11. It is undisputed that the Trumbles did not receive a building permit to begin construction of their home until June 23, 2006 and that construction was not complete until sometime in February 2007. (Trumble Deposition 70:8 - 71:8). Home Design's claim, therefore, could not have accrued prior to June 23, 2006, at the earliest. Assuming that its claim began to accrue on that date (which seems unlikely given that construction may not have even began on that date) and assuming that the Home Design had reason to know of the infringement on that date, the statute of limitations ran out three years later, on June 23, 2009. Because Home Design filed this lawsuit on April 28, 2009, there is no possibility that its claim has been extinguished by the statute of limitations, which expired two months later, at the very earliest. Accordingly, Home Design's motion for summary judgment is granted as to the Trumbles' third affirmative defense.

I find that the Trumbles' remaining affirmative defenses survive summary judgment. Drawing all inferences in favor of the Trumbles, there are genuine issues of material fact regarding the remaining defenses challenged by Home Design, and accordingly, Home Design's motion for summary judgment with respect to such

defenses is denied.

### IV.    CONCLUSION

Based upon the foregoing, it is

ORDERED that Plaintiff's Motion for Summary Judgment as to the Defendants' second and third affirmative defenses is **GRANTED.**  It is

FURTHER ORDERED that Plaintiff's Motion for Summary Judgement is **DENIED** in all other respects.

Dated:  March 8, 2011

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge