IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  09-cv-00964-WYD-CBS

HOME DESIGN SERVICES, INC.,

    Plaintiff,

v.

TERRY TRUMBLE and
JANELLE TRUMBLE,

    Defendants.

---

# ORDER

---

This matter is before me on Defendants' Motion for Intra-Division Transfer of Trial to Montrose, Colorado [ECF No. 165], filed February 8, 2011.  I have also considered Plaintiff's Response in Opposition to the Motion [ECF No. 184], and Defendants' Reply in Support of the Motion [ECF No. 193].  In their motion, Defendants Terry and Janelle Trumble ("the Trumbles") request that I move the trial location to Montrose, or alternatively, to Grand Junction (Def.s' Motion at 1.)  Plaintiff opposes transfer and requests that I deny Defendants' motion.

**I.     BACKGROUND**

Plaintiff Home Design Services, Inc. filed this action on April 27, 2009 alleging that the Trumbles have infringed upon Home Design's registered copyright in an architectural plan by designing and constructing a home copied from that plan.  The Trumbles assert that they did not infringe upon Home Design's copyright and that their

home was not copied from any source.

A 7-day jury trial is set to commence on May 16, 2011, at the United States Courthouse in Denver, Colorado.  On February 8, 2011, the Trumbles filed their motion to have this case transferred closer to Montrose, Colorado, citing the convenience of witnesses, the accessibility of sources of proof, the need for a fair trial, and practical considerations regarding the trial.

## II.     ANALYSIS

The State of Colorado constitutes a single judicial district with one division.  *See* 28 U.S.C. § 85 ("Colorado constitutes one judicial district.").  An intra-division transfer, such as the Trumbles seek in this case, is governed by 28 U.S.C. § 1404(c), which provides that "[a] district court may order any civil action to be tried at any place within the division in which it is pending."

Home Design argues as an initial matter that the motion should be denied because the Trumbles waited too long to file the motion.  In response the Trumbles note that at the preliminary pretrial conference on July 14, 2010, they indicated their preference that the case be tried in Grand Junction and further, that the Final Pretrial Order, indicates that the Trumbles intended to request the case be tried in Grand Junction.  Although it may have been prudent for the Trumbles to have filed the motion sooner, I reject Home Design's argument that the motion should be denied on that basis alone.

Because the Tenth Circuit has not established standards for intra-division transfers, courts within the circuit rely on factors developed under 28 U.S.C. § 1404(a). *See Four Corners Nephrology Associates, P.C. v. Mercy Medical Center of Durango,*

464 F.Supp.2d 1095, 1097 (D.Colo. 2006).  Under § 1404(a), a district court may transfer a civil action to a different district or division "[f]or the convenience of the parties and witnesses, in the interest of justice."  In considering a motion to transfer under § 1404(a), I must weigh the certain discretionary factors including: (1) the plaintiff's choice of forum; (2) the convenience of the witnesses; (3) the accessibility of witnesses and other sources of proof; (4) the possibility of obtaining a fair trial; and (5) all other considerations of a practical nature that make a trial easy, expeditious, and economical.  *See Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515-16 (10th Cir.1991).  As the party seeking transfer, the Trumbles have the burden of proving that the existing forum is inconvenient.  *Id.*  Home Design's choice of forum "should be disturbed only when the balance of factors tips strongly in favor of transfer."  *Id.*

Ordinarily, I must give great weight to the Plaintiff's choice of forum.  "Unless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed."  *William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir.1972)).  The Trumbles argue however, and I agree, that Home Design's choice of forum in Denver is entitled to less weight because Home Design does not reside in Denver, or even the State of Colorado.  *See Four Corners Nephrology Assocs., P.C.* 464 F.Supp.2d at 1098.  However, Home Design has provided some rationale for its preference that the trial should remain in Denver.  Specifically, Home Design notes that Denver is closer and more convenient for Home Design and more easily accessible from out of state.  This rationale is not without merit.  *See Bitler v. A.O. Smith Corp.*, 2001 WL 1579378, at *2 (D.Colo. December 10, 2001).  As such, I find that Home Design's choice is entitled to some weight.

Next the Trumbles argue that the case should be transferred for the convenience of the witnesses. The Trumbles list six non-party witnesses who reside closer to Grand Junction than to Denver. Home Design responds, however, that each of these six witnesses is a *potential* witness for Home Design and that "Home Design only intends to call one of those witnesses at trial." (Pl.'s Resp. at 4). Furthermore, the Trumbles concede that one expert witness lives in Lakewood (which is much closer to Denver than to Grand Junction) and that the remaining witnesses all live out of the state. For the out of state witnesses, as well as the out of state Plaintiff, it is "more convenient to fly to Denver, a major international airport, than it is to fly to the mountainous regional airport in Grand Junction*." Bitler,* 2001 WL 1579378, at *3. With this in mind, I find that the Trumbles have not shown that this factor favors transfer.

The Trumbles have likewise failed to show that the third factor–accessibility to sources of proof–strongly tips in favor of transferring the trial. The Trumbles list numerous potential exhibits, which they argue "are located in Montrose." (Def.'s Motion at 4-5). However, with the exception of the Trumble Home, which the Trumbles indicate that they would like the jury to view, I see no obstacle to bringing the listed exhibits to Denver. In this case, there is no issue concerning the ability of this Court to subpoena witnesses, given that Colorado is a single district and all of the witnesses living in Colorado are subject to the subpoena power of this court. Furthermore, I agree with Home Design that evidence of the layout and design of the Trumble home may be presented through photographs and drawings.

The Trumbles next argue that the fourth factor–the possibility of obtaining a fair trial–tips in favor of transfer because "for the Defendants to have a fair trial, it is

-4-

important to sit a jury from their community who is familiar with the subdivisions and building practices on the Western Slope." (Def.s' Motion at 5).  I do not agree that any potential jury must specifically be familiar with such building practices in order for the Defendants to obtain a fair trial.  Consequently, the Trumbles have not made a strong showing that this factor weighs in favor of transfer.

With respect to the fifth factor–practical considerations for an easy, expeditious, and economical trial–the Trumbles reiterate that witnesses live closer to Montrose and that the house at issue is in Montrose.  They further continue to press that a jury drawn from counties on the Western Slope is more appropriate than a jury drawn from counties along the Front Range.  (Def.s' Motion at 6).  The Trumbles do not articulate, however, why jurors from either pool would be unable to neutrally determine the issues in this case.  I find that the likelihood of either side obtaining a fair trial is not different in either location.

## III.   CONCLUSION

In weighing the appropriate factors I find that the Trumbles have failed to establish that holding the trial in Denver would be sufficiently inconvenient to justify a transfer.  Accordingly, Defendant's Motion for Intra-Division Transfer of Trial to Montrose, Colorado [ECF No. 165] is **DENIED**.

Dated:  April 20, 2011

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge