IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  09-cv-00964-WYD-CBS

HOME DESIGN SERVICES, INC.,

     Plaintiff,

v.

TERRY TRUMBLE and
JANELLE TRUMBLE,

     Defendants.

---

## ORDER

---

     This matter is before the Court on Plaintiff Home Design's Limited Objections to Order on Pending Motions [ECF No. 186], filed March 10, 2011 and Defendants' Objection to Magistrate Judge's Order Regarding Pending Motions [ECF No. 187], also filed March 10, 2011.  I have also considered Defendants' Response to Plaintiff's Limited Objections [ECF No. 203], filed March 24, 2011.  For the reasons stated below, Magistrate Judge Shaffer's Order, dated February 14, 2011 [ECF No. 166] is affirmed in part and overruled in part.

## I.     BACKGROUND

     Plaintiff Home Design Services ("Home Design") alleges that the Terry and Janelle Trumble ("the Trumbles") have infringed upon Home Design's registered copyright in an architectural plan (the "HDS-2802") by designing and constructing a home copied from that plan.  The Trumbles assert that they did not infringe upon Home Design's copyright and that their personal residence was not copied from any source.

On February 14, 2011, Magistrate Judge Shaffer issued on Order on five pending motions, all relating to the admissibility of expert opinions [ECF Nos. 70, 72, 73, 82, and 83].  The parties completed their lengthy and somewhat repetitive briefing on these motions on October 11, 2011 and Magistrate Judge Shaffer heard oral argument on the motions on October 26, 2011.  The parties now seek review of Magistrate Judge Shaffer's ruling.

## II.   STANDARD OF REVIEW

As an initial matter, I agree with Magistrate Judge Shaffer that his ruling on these motions is non-dispositive.  While expert testimony has been held to be proper in copyright infringement cases, it is not necessary in all cases.  Because expert testimony is not required, I agree that Magistrate Judge Shaffer's ruling on these motions is not dispositive.  *See e.g., Stromback v. New Line Cinema*, 384 F.3d 283, 295 (6th Cir. 2004).  The parties do not dispute this point.

Accordingly, I must review Magistrate Judge Shaffer's Order to determine whether it is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).  Under the clearly erroneous standard of review, I should affirm Magistrate Judge Shaffer's findings unless, viewing the evidence and arguments, I am "left with the definite and firm conviction that a mistake has been committed." *Ariza v. U.S. W. Commc'ns, Inc.*, 167 F.R.D. 131, 133 (D.Colo.1996) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir.1988)) (internal quotation marks omitted).

## III.   ANALYSIS

Before turning to the parties' specific objections regarding admission or exclusion of the testimony of experts, I will first address Plaintiff's argument that I should strike

portions of Magistrate Judge Shaffer's Order that refer to copyright protection for architectural works as "thin."  I agree with the Plaintiff that the Tenth Circuit has not adopted "a supersubstantial similarity" test for "thin" copyrights, *see Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 944 (10th Cir. 2002), and has not held that architectural works are only entitled to "thin" copyright protection.  Rather, the Tenth Circuit has held that some types of works, such as "fact-based" works, require varying degrees of similarity in order to meet the "substantial similarly" test.  *Id*.  Distinguishing its earlier ruling in *TransWestern Publ'g Co., v. Multimedia Mktg. Assocs.*, 133 F.3d 773, 775 (10th Cir.1998), the Tenth Circuit in *Jacobsen* held:

> We do not read *TransWestern* so broadly as to require us to apply a supersubstantial similarity test to all fact-based works.  Rather *TransWestern* merely reaffirmed the measure of how fact based works differ as to the relative proportion of fact and fancy, the quantum of similarity required to establish infringement differs in each case.

*Id*. (internal quotation marks and citations omitted).

Magistrate Judge Shaffer's Order does not conflict with this precedent.  Rather, in his order he simply acknowledges that other courts—applying the facts relevant in each specific case—have held that copyright in architectural works may be thin.  And to the extent that Magistrate Judge Shaffer's Order acknowledges that what constitutes "substantial similarity" varies according to the circumstances of a particular case, his ruling is not contrary to law, as evidenced by the Tenth Circuit's holding in *Jacobsen*. Magistrate Judge Shaffer did not pronounce Home Design's copyright protection as definitively "thin" and I see no need to strike any language from his order with respect to this point.  Furthermore, Magistrate Judge Shaffer did not base any specific ruling regarding admissibility of expert testimony (the subject of the motions at issue in his

order) solely on his particular reading of copyright law.  Accordingly, Home Design's objections to the language in the order regarding "thin" copyrights are overruled.

I now turn to the specific objections made by Home Design and the Trumbles as they relate to Magistrate Judge Shaffer's ruling on the admissibility of expert testimony. The parties objections relate to three experts: Defendants' expert Eugene Schmitt; Plaintiff's expert Kevin Alter; and Defendant's expert Gregory Taylor.  Neither party has challenged Magistrate Judge Shaffer's ruling on Defendants' Motion to Preclude James Zirkel from Offering Expert Opinions at Trial [ECF No. 70].  Accordingly, I affirm Magistrate Judge Shaffer's ruling that Mr. Zirkel may only testify as a lay witness, and that he may not offer opinions that purport to address the novelty or originality of the HDS-2802 design from the perspective of the home design industry as a whole.  I adopt Magistrate Judge Shaffer's  reasoning with respect to the limitations placed on Mr. Zirkel's testimony.

### A.    Defendants' Expert Eugene Schmitt

The Trumbles disclosed Mr. Schmitt as an expert on November 11, 2009.  As stated in his expert report, the Trumbles retained Mr. Schmitt to provide opinions with respect to "(1) the originality, if any, of Plaintiff's architectural work; (2) whether Plaintiff's architectural work and the Defendants' architectural work are substantially similar; and (3) the differences between them." (Def.s' Obj. to Mag. Order, ECF No. 187, Ex. A).  Mr. Schmitt further indicated that he would testify regarding areas of "architectural design, residential home design, standards and practices in the architectural profession, and related fields." (*Id.*).

Magistrate Judge Shaffer granted, in part, Home Design's motion to exclude the

testimony of Mr. Schmitt [ECF No. 83].  Specifically, Magistrate Judge Shaffer

concluded that "the opinions set forth in Sections D.2 and G.1 of the Schmitt report do

not satisfy the requirements of Rule 702 and should be excluded from trial."  (Order,

ECF No. 166, p. 19).  Section D.2 of Mr. Schmitt's report provides a comparison of the

HDS-2802 work to similar works of others, and section G.1 concludes that the most

distinguishing features of the HDS-2802 work are "neither unique nor original" to that

work.  Magistrate Judge Shaffer reasoned that:

> Mr. Schmitt illogically suggests that the HDS-2802 design is not original
> because it was 'likely influenced' by designs or floor plans that post-date
> Mr. Zirkel's creation. In short, there is simply too great an analytical and
> temporal gap between the illustrative designs that Mr. Schmitt relies upon
> and the 'originality' opinion that he would offer at trial.

(*Id*.).  Magistrate Judge Shaffer declined to exclude, however, sections F, G.2 and G.3

of Mr. Schmitt's report.  He concluded that:

> Mr. Schmitt should be permitted to offer opinions comparing "the selection
> and juxtaposition of standard functional elements in the floor plans of the
> two subject works" [Section G.2], and addressing "standard features and
> elements," "utilitarian elements," "scenes a faire" elements, and "elements
> or combination of elements common in the construction/design industries"
> [Sections F and G.3].

(*Id.* p. 20-21).

The Trumbles' object that Magistrate Judge Shaffer excluded sections D.2 and

G.1 of Mr. Schmitt's report, and not surprisingly, Home Design objects that Magistrate

Judge Shaffer did not exclude all of Mr. Schmitt's report.

I find that it was clearly erroneous for Magistrate Judge Shaffer to exclude

sections D.2 and G.1 and to preclude Mr. Schmitt from offering opinions on originality of

the HDS-2802 plan.  First, as Defendant's correctly note, there is no *"per se* ban on

expert testimony related to the originality of an architectural work in a copyright infringement case."  (Def.'s Objections to Order, ECF No. 187, p. 17).  Indeed, Magistrate Shaffer acknowledged later in his order that he does "not believe that a lay juror could review the HDS-2802 plan and immediately perceive the originality of that design relative to the home design industry," because to do so would require specialized training or knowledge. (Order, ECF No. 166, p. 38).  I have reviewed Mr. Schmitt's resume and his report, and as an architect familiar with the home design industry, Mr. Schmitt has the specialized training or knowledge that Magistrate Judge Shaffer is referring to.  Further, Mr. Schmitt undertook a detailed originality analysis regarding the protectable elements of the HDS-2802 and formed opinions that I believe will assist the jurors.

Magistrate Judge Shaffer cited *Interplan Architects, Inc. v. C.L. Thomas, Inc.*, 2010 WL 4065465, at *13 (S.D. Tex. Oct. 9, 2010) for the proposition that "experts should not be permitted to offer legal opinions regarding the issue of originality."  The court in *Interplan* held that expert opinions may be relevant to both elements of copyright infringement–ownership of a valid copyright and actionable copying. *Interplan*, 2010 WL 4065465, at *10 (holding that "expert opinion may be relevant to the first prong of copyright infringement-i.e., ownership of a valid copyright and that "[originality is the touchstone of copyright protection.") Thus, the court in *Interplan* allowed expert opinion regarding the "uniqueness, unusualness, or functionality" of a design because such opinions "'embrace' the issue of fact for the jury, but do not state a legal conclusion."  *Id.* at n. 6; Fed. R. Evid. R. 704(a)("testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an

ultimate issue to be decided by the trier of fact."). The court in *Interplan* excluded

opinions that "veer too close to a legal conclusion regarding 'originality' that is

determinative of copyright existence." *Id.* at *3. Thus, opinions that amount to a legal

conclusion on the first element of copyright infringement (the existence of a valid

copyright) are not appropriate, but opinions that embrace the issue of fact without

stating the ultimate conclusion *are* appropriate. Section D.2 of Mr. Schmitt's

report–excluded by Judge Shaffer–does not conclusively state that the HDS-2802 plan

is unoriginal (and therefore not entitled to copyright protection), but rather explains his

opinions regarding the significant features of the HDS-2802 floor plan and how those

features compare to similar works. Likewise, section G.1–also excluded by Magistrate

Judge Shaffer–states the conclusion that certain elements of the HDS-2802 plan are not

unique to the HDS floor plan, given that such elements are common in the marketplace.


Second, Magistrate Judge Shaffer found that Mr. Schmitt's methodology with

respect to the information included in Section D.2 and G.1 to be unreliable, given that

Mr. Schmitt compared the HDS-2802 plan to other architectural plans which are

arguably (but not definitively) created after the HDS-2802 plan was created. This does

appear to be a flaw in Mr. Schmitt's methodology, and one that places the reliability of

his methodology with respect to specific conclusions on shakier ground. If Mr. Schmitt

had relied solely on a comparison of architectural plans whose creation (not just

publication) definitively post-dated creation of the HDS 2802 plan, then I would be more

likely to agree that his methodology would be too flawed for his opinions to be

admissible under Rule 702. His report, however, indicates reliance on numerous

sources.  Home Design concedes this point in their original motion seeking exclusion of

his testimony. (Plaintiff's Motion to Exclude, ECF No. 83, p. 7)("While it would require a

list of an entire library and numerous websites to identify all of the sources he reviewed,

the resources he relied on included seven volumes of HDS plan books, a *Parade of*

*Homes* publication from April 27, 2003, a catalog of plans from another design

publisher, and several websites.").  The large universe of information from which Mr.

Schmitt extrapolates evidence of the existence of other similar designs weighs in favor

of allowing his testimony.  Weaknesses in his methodology may be explored on cross

examination, and it will be up to the jury to decide what weight to accord to his

testimony.  *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 596 (1993)

("[v]igorous cross-examination, presentation of contrary evidence, and careful

instruction on the burden of proof are the traditional and appropriate means of attacking

shaky but admissible evidence.").

     Accordingly, the Trumbles' objections to Magistrate Judge Shaffer's ruling

regarding Mr. Schmitt's report are sustained and Home Design's objections are

overruled.  At trial, Mr. Schmitt may offer opinions consistent with his report that touch

on the originality of the HDS-2802 floor plan, including a comparison of particular

elements from similar works, so long as he stops short of offering a legal conclusion or

opinion regarding the ultimate issues in this case.

**B.      Plaintiff's Expert Kevin Alter**

     Next, the parties challenge Magistrate Judge Shaffer's Order with respect to

Home Design's rebuttal expert, Kevin Alter.  The Trumbles filed a Rule 702 Motion to Exclude Opinions of Expert Kevin Alter [ECF No. 72].  In addition, the Trumbles filed a Motion to Strike Opinions of Plaintiff's Rebuttal Expert Kevin Alter [ECF No. 73].

The Trumbles' motions were granted in part and denied in part by Magistrate Judge Shaffer, who held that testimony related to Exhibit 3 to Mr. Alter's report should be excluded, and that Mr. Alter's opinions regarding originality should also be excluded as unreliable.  The Trumbles object to the Magistrate Judge's order, arguing that it is clearly erroneous to permit Mr. Alter to offer any opinions.  Conversely, Home Design argues that none of Mr. Alter's opinions should be excluded.

Magistrate Judge Shaffer first excluded Exhibit 3 to Mr. Alter's report.  Exhibit 3 includes a list of the similarities and differences between the HDS-2802 plan and the Trumble home.  Magistrate Judge Shaffer found that the opinions expressed in Exhibit 3 to Mr. Alter's report would not be helpful to the trier of fact because the jury is capable of making the comparison by themselves.  (Order, ECF No. 166, p. 24).  While I agree that the jury will ultimately be asked to determine whether the two works are substantially similar, I do not agree that Mr. Alter's testimony regarding architectural similarities and differences fails to provide any assistance to the jury in deciphering the plans at issue. It is clear that expert testimony is admissible to show probative similarity between two works.  And in cases involving architectural plans, the need for expert testimony may be greater, given the somewhat complex subject matter.  *See e.g. T-Peg, Inc. v. Vermont Timber Works, Inc.*, 459 F.3d 97, 116 (1st Cir. 2006) ("Moreover, the need for expert testimony may be greater in cases involving complex subject matters where an ordinary observer may find it difficult to properly evaluate the similarity of two works without the

aid of expert testimony.").  Mr. Alter's testimony regarding similarities and differences is reliable because it is based upon his extensive professional experience, as applied to the particular works at issue in his case.  *See United States v. Hankey*, 203 F.3d 1160, 1169 (9th Cir.2000) (stating that an expert's reliability may depend heavily on the "knowledge and experience of the expert, rather than the methodology or theory behind it"); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 156, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999) (stating that an expert may draw a conclusion from a set of observations based on extensive and specialized experience).  As a licensed architect, Mr. Alter is qualified to give expert testimony as to whether the two works have meaningful architectural similarities.

Further, I find Magistrate Judge Shaffer's ruling to be inconsistent by excluding Exhibit 3, but then holding that Professor Alter "should be permitted to offer opinions that touch upon the architectural similarities and differences between the designs at issue in this case."  (Order, ECF No. 166, p. 26).  Exhibit 3 to Professor Alter's report provides details regarding the similarities in the HDS-2802 plan and the Trumble home.

Professor Alter's opinions regarding the similarities and the differences in the two designs must be limited in the same manner that Mr. Schmitt's opinions are limited: neither expert may provide legal opinions on the ultimate issues in this case.  That is, neither expert may provide opinions that amount to determinations of the ultimate issue of copyright validity, substantial similarity, or infringement.  Their testimony may embrace the ultimate issues, consistent with Fed. R. Evid. 704, but may not go further. Accordingly, Mr. Alter may assist the jury in parsing out the different design elements and components of the architectural works at issue, but he may not offer his ultimate

conclusion that taken a whole, the two works are substantially similar.

Magistrate Judge Shaffer further limited Mr. Alter's opinions on originality of the HDS-2802 plan because he found Mr. Alter's opinion to be "wholly speculative and based on nothing more than assumption."  (Order, ECF No. 166, p. 27).  On this point, I agree with Magistrate Shaffer.  By Mr. Alter's own admission he only assumed the HDS-2802 was original to Mr. Zirkel.  During his deposition, when asked if he had "analyzed the element of originality" Mr. Alter responded: "I have not analyzed the elements of originality, that's true."  He went on to say that he did look at the HDS plan and "thought that it had enough, shall we say, novelty, to understand it as something that could be original."  But, Mr. Alter only assumed that the HDS plan was not copied from something else, and he made no effort to parse out the standard or stock elements contained in the plan.  Accordingly, I agree with Magistrate Judge Shaffer that Mr. Alter did not articulate a reasonable basis for his methodology regarding originality, and therefore I affirm Magistrate Judge Shaffer's ruling in this regard.

Next, I must address the Trumbles' objection that Mr. Alter's report does not cover the areas that Mr. Schmitt's report covers and therefore that it is not proper rebuttal testimony.  The Trumbles argue that:

> Since Alter addressed only one aspect of the element of copying and did not address any of the additional issues (i.e. originality, public domain, identification of protectable elements etc.) covered by Schmitt, Alter's opinions are not rebuttal opinions but rather untimely disclosed case-in-chief opinions regarding the issue of actual copying.

(Def.s' Objections, ECF No. 187, p. 15).  The Trumbles therefore contend that Mr. Alter's opinions should be stricken in their entirety.

Because there is no rule that a rebuttal expert must address every aspect of the

opposing's expert report, the Trumbles objections are overruled.  Mr. Schmitt's report identifies similarities and differences in the HDS-2802 report and therefore Mr. Alter should be permitted to offer rebuttal testimony on this subject, as outlined in his report.

### C.      Gregory Taylor

The Trumbles designated Gregory Taylor as their expert on damages.  Home Design filed a motion to exclude Mr. Taylor's testimony as unreliable [ECF No. 82].  Magistrate Judge Shaffer was not persuaded that any of Home Design's arguments warranted the exclusion of Mr. Taylor's opinions and therefore denied the motion in its entirety.  Home Design objects to Magistrate Judge Shaffer's Order and argues that Mr. Taylor did not have reliable data and that his opinions regarding damages are contrary to established copyright law or find no support in copyright law.  Home Design therefore requests that Mr. Taylor's opinions be stricken in their entirety.

I find that Magistrate Judge Shaffer's ruling regarding the admissibility of Mr. Taylor's report is not clearly erroneous.  I concur that any weaknesses in Mr. Taylor's testimony may be explored on cross-examination.  Accordingly, I adopt Magistrate Judge Shaffer's reasoning in denying Home Design's motion to exclude the testimony of Mr. Taylor and overrule Home Design's objections.

### IV.    CONCLUSION

Accordingly, it is hereby

ORDERED that Magistrate Judge Shaffer's Order [ECF No. 166] is **affirmed in part and overruled in part** as set forth above.

Dated:  April 29, 2011

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge