IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.: 09-cv-00964-WYD-CBS

HOME DESIGN SERVICES, INC.,

    Plaintiff,

v.

TERRY TRUMBLE; and
JANELLE TRUMBLE,

    Defendants.

**ORDER**

I.    <u>INTRODUCTION</u>

This matter is before the Court in connection with the Plaintiff's Motion for Review of the Clerk's Ruling on the Bill of Costs, filed August 8, 2011 [ECF No. 285]. Defendants filed a Response to the motion on August 15, 2011[ECF No. 286].

In the instant action, the Plaintiff, Home Design Services, Inc., asserted numerous claims against Defendants including copyright infringement based on alleged infringement of Plaintiff's original architectural work entitled and advertised as the "HDS-2802" floor plan. Following a four-day jury trial held in May, 2011, the jury awarded Plaintiff actual damages in the amount of $935.00. Judgment entered in favor of Plaintiff, and Plaintiff then filed a Bill of Costs with the Clerk of Court seeking $32,128.13 in costs. Upon consideration of the Bill of Costs, the Clerk taxed costs in the amount of $8,263.20.

In the instant motion Plaintiff objects to the Clerk's denial of costs incurred

obtaining a DVD video and transcript of the deposition of Defendant Janelle Trumble, a deposit copy of the HDS-2802 plan that Plaintiff ordered from the Library of Congress, and a PowerPoint presentation Plaintiff used at trial.  Citing *Karsian v. Inter-Regional Financial Group* opinion, 13 F.Supp.2d 1085 (D. Colo. 1998), the Clerk allowed costs for a video deposition of Defendant Terry Trumble and for the transcript of Janelle Trumble's deposition, but did not tax costs for Janelle Trumble's video deposition because she did not testify at trial.  The Clerk did not tax costs for the deposit copy of the HDS-2802 plan that Plaintiff ordered from the Library of Congress because it was not used at trial, and did not tax costs for a PowerPoint presentation that Plaintiff used at trial because such costs are not awardable under 28 U.S.C. § 1920.

Plaintiff contends that the video deposition of Janelle Trumble was necessary for use in the case and is therefore taxable as a cost under 28 U.S.C. § 1920(2).  Plaintiff further contends that the deposit copy of the HDS-2802 plan is mandatory evidence for its *prima facie* case and therefore should be taxed as a cost even though the Defendants' copy was used at trial.  Finally, Plaintiff argues that the PowerPoint presentation used at trial should be taxed as a cost under 28 U.S.C. § 1920(4) because it was necessary as a critical exhibit to help the jury understand the issue in the case.

In response, Defendants assert that under *Karsian* the Clerk properly taxed only the cost of the stenographic transcript of Janelle Trumble's deposition.  Defendants maintain that the Clerk properly disallowed costs for the deposit copy of the HDS-2802 plan that Plaintiff ordered from the Library of Congress because it was excessive and unnecessary to order the copy given that Defendants had obtained a copy and disclosed that information to Plaintiff.  Finally, Defendants contend that Plaintiff's use of

a PowerPoint presentation was neither necessary nor reasonable.

II.     ANALYSIS

   A.    Legal Standard Applicable to Motions for Review of Taxation of Costs

FED. R. CIV. P. 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Rule 54 "makes the award of costs presumptive." *Mitchell v. City of Moore, Oklahoma*, 218 F.3d 1190, 1204 (10th Cir. 2000). Although the final award of costs rests within the discretion of the court, *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1476 (10th Cir. 1997), a trial court has no discretion to award costs not contemplated by 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). This is because § 1920 is a limited remedy which specifically designates the types of expenses that are reimbursable as costs. *Id.* Additionally, "[t]he party seeking an award of costs bears the burden of showing the necessity of the costs incurred." *Crandall v. City and County of Denver, Colorado*, 594 F. Supp. 2d 1245, 1247 (D. Colo. 2009). Nonetheless, in denying a valid cost, the district court must provide a valid reason for the denial. *In re Williams Securities Litigation-WCG Subclass*, 558 F.3d 1144, 1147 (10th Cir. 2009). Further, in determining whether costs are reasonably necessary to the litigation of the case, I must not employ hindsight but instead look at the circumstances at the time the costs were incurred. *In re Williams Securities*, 558 F.3d at 1148.

   B.    Deposition Costs

Plaintiff seeks $1275 for the video deposition of Janelle Trumble and $250 for ordering the DVD of her testimony. As an initial matter, I note that the costs associated

with the depositions of Defendants Janelle and Terry Trumble and the DVD of their testimony were lumped together as single line items in the Bill of Costs.  *See* ECF No. 277.  The Clerk taxed all costs for the deposition of Terry Trumble; specifically $637.50 for his video deposition and $125 for the DVD of his testimony.  Therefore, Plaintiff has already recovered half the amount requested.  Nevertheless, Plaintiff contends that the video deposition of Janelle Trumble was necessary for use in the case and is therefore taxable as a cost under 28 U.S.C. § 1920(2).  Defendants note that while Janelle Trumble was listed in the Pretrial order, she was never called as a witness at trial and, therefore, under *Karsian*, *supra*, the Clerk properly taxed only the cost of the stenographic transcript of her deposition.

28 U.S.C. § 1920(2) provides that a judge may tax costs "for printed or electronically recorded transcripts necessarily obtained for use in the case."  The Tenth Circuit has stated that "this definition authorizes recovery of costs with respect to all depositions reasonably necessary to the litigation of the case." *Furr v. AT & T Technologies, Inc.*, 824 F.2d 1537, 1550 (10th Cir.1987) (quotation marks and citation omitted).  In *Karsian*, I adopted a test for determining which categories of deposition costs are taxable.  *Karsian*, 13 F.Supp.2d at 1088.  Therein, I determined that costs of both the stenographic transcription and the videotaping of a deposition are taxable as to individuals who testify at trial, but that only the costs of the stenographic transcripts are taxable as to individuals whose names appear on the pretrial order, but do not testify at trial.  However, in 2008, 28 U.S.C. § 1920(2) was amended to include specific reference to "electronically recorded transcripts."[1]  Indeed, it is difficult to find recent cases that

---

[1] Prior to the 2008 amendment, section 1920(2) permitted taxable costs to include "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case."  *See*

4

distinguish between a stenographic deposition and a video deposition. Further, while the test I adopted in *Karsian* provides useful guidance, it should not be applied to deny deposition costs that fall outside the designated categories but were nevertheless reasonably necessary to the litigation of the case. *Furr*, 824 F.2d at 1550; *see also, Tilton*, 115 F.3d at 1478. Here, Janelle Trimble was a named Defendant in the case at the time Plaintiff incurred the costs associated with her deposition. While she did not ultimately testify at trial, I find that both the stenographic transcription and the videotaping of her deposition were necessarily obtained for use in the case. Just as the cost for the video deposition of Defendant Terry Trumble was reasonable and necessary for the litigation, so was the cost for the video deposition of Defendant Janelle Trumble. Therefore, I agree with Plaintiff and award additional costs in the amount of $637.50 for the video deposition of Janelle Trumble and $125 for the DVD of her testimony.

      C.     <u>Deposit Copy of the HDS-2802 Costs</u>

Next, Plaintiff seeks $559.50 for the cost associated with obtaining a deposit copy of the HDS-2802 plan from the Library of Congress. 28 U.S.C. § 1920(4) provides that a judge may tax "the costs of making copies of any materials where the copies are necessarily obtained for use in the case." It is not clear that a certified copy of a copyrighted document falls within the scope of this statute. However, even this cost is one that is contemplated by 28 U.S.C. § 1920, I must also determine whether the materials were necessarily obtained for use in the case based on the factual circumstances at the time the cost was incurred. *In re Williams Securities*, 558 F.3d at 1148.

---

*also Higgins v. Potter*, 2011 WL 3667097 (D. Kan., Aug. 22, 2011).

Here, it appears that Plaintiff incurred the cost of obtaining a deposit copy of the HDS-2802 plan after Defendants had already obtained and disclosed all of the relevant documentation on file at the USPTO. Moreover, at trial the parties agreed to use the copies previously disclosed by Defendants. Defendants disclosed that they had a copy of the HDS-2802 plan on October 5, 2009, and it was not until May 6, 2010, that Plaintiff ordered a copy of the HDS-2802 plan. While it is true that Plaintiff needed to introduce this documentation into evidence as part of its *prima facie* case, a cost must appear to be reasonably necessary at the time it was incurred. Therefore, I find that it was not reasonable or necessary for Plaintiff to obtain the deposit copy, and I deny the Plaintiff's request for taxation of this cost.

D.     Cost of PowerPoint Presentation

Finally, Plaintiff seeks $2000 for the costs incident to the PowerPoint presentation used at trial pursuant to 28 U.S.C. § 1920(4). Costs for electronic demonstrative exhibits can be taxed under this statute provided they are necessarily obtained for the case and the costs are reasonable. *Crandall*, 594 F. Supp. 2d at 1251.

Here, the PowerPoint presentation used by the Plaintiff was not vital to the effective presentation of Plaintiff's claim of infringement. One of the slides in the PowerPoint presentation showed a side-by-side comparison of the floor plans at issue in the case. While this information was helpful to the jury, it was not necessary to show the information in an expensive PowerPoint presentation. A side by side comparison of paper copies of the floor plans would have conveyed the same information to the jury. Because I find this cost was not necessary, I deny Plaintiff's request.

III.	CONCLUSION

Based upon the foregoing, it is

ORDERED that Plaintiff Home Design Services' Motion for Review of the Clerk's Ruling on the Bill of Costs is **GRANTED IN PART AND DENIED IN PART**. Plaintiff is awarded the following costs requested in its motion: (1) $637.50 as costs for the video deposition of Janelle Trumble, and (2) $125 as costs for ordering the DVD of Janelle Trumble's deposition. All other costs requested in the motion are denied.

Dated this 22nd day of December, 2011.

BY THE COURT:


s/ Wiley Y. Daniel
WILEY Y. DANIEL,
CHIEF UNITED STATES DISTRICT JUDGE